**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:26-cv-23595-RKA

JAMES BUCKMAN, *et al.*,

      Plaintiffs,

v.

U.S. BANK NATIONAL ASSOCIATION,

      Defendant.

_____/

## REPORT AND RECOMMENDATION DISMISSING NOTICE OF REMOVAL

**THIS CAUSE** is before the Court *sua sponte* upon review of *pro se* Plaintiffs Notice of Removal and related filings. [ECF Nos. 1, 12, 19–24, 26–27, 30–32]. For the reasons expressed below the Undersigned **RECOMMENDS**[1] that Plaintiffs' Notice of Removal [ECF Nos. 1, 12] be **DISMISSED** and the case **REMANDED** to state court.

## BACKGROUND

This is not the first time that a federal action has been filed in this Court to prevent the foreclosure sale of the property that is the subject of this lawsuit. On February 25, 2026, United States District Judge Jose Martinez described the case history in *Wells et al. v. US Bank, National Association, et al.*, as follows:

> The instant suit is not Plaintiffs' first attempt at seeking federal court review of a state foreclosure action, … Plaintiffs' claims arise from a decades-long dispute concerning state foreclosure proceedings for the real property located at 15020 South River Drive, Miami, Florida 33167 (the "Property"). *See U.S. Bank (na) v. Williams*, Case No. 2020-61928-CA-01 (Fla. 11th Cir. Ct.). After prolonged litigation where Plaintiffs and their compatriots repeatedly stymied the sale of the Property by filing for bankruptcy on the eve of the scheduled sale, the Property was finally sold on October 16, 2023. In their lengthy Corrected Amended Complaint [ECF No. 16], Plaintiffs allege a conspiracy of bribery and corruption among banks, financial institutions, Miami-Dade County officials, and members

---

[1] This matter was originally assigned to the undersigned magistrate judge and was reassigned to the Honorable Roy K. Altman on May 28, 2026, at Plaintiffs' request. [ECF No. 11].

of the Florida judiciary to steal Plaintiffs' Property. As best as the Court can decipher, Plaintiffs allege, inter alia, that Defendants wrongfully foreclosed on their Property, violated the Fair Debt Collection Practices Act and Real Estate Settlement Procedures Act, committed fraud, took bribes, and discriminated against Plaintiffs based on race, religion, and ability. (*See generally Am. Compl.*). Plaintiffs seek a declaratory judgment, injunctive and equitable relief, and compensatory, special, general, and punitive damages.

*Wells et al. v. US Bank, National Association, et al.*, Case No. 23-cv-22640-JEM (S.D. Fla. Feb. 25, 2026), ECF No. 90 at 2, 3.

The Plaintiffs in that case were Mack Wells and Maurice Symonette. The case was initially dismissed without prejudice. Among other reasons for dismissal, Judge Martinez found the claims were "inextricably intertwined with the state court's final judgment of foreclosure" because the claims all stemmed from the contention that the state foreclosure judgment was improper. [*Id.* at 9]. The requested relief from the foreclosure judgment would run afoul of the *Rooker-Feldman* doctrine, because it requested the Court overturn a state court final judgment of foreclosure. [*Id.* at 8–9]. The Court expressed doubts that Wells and Symonette would be able to restate their allegations in a manner that could remedy these flaws. [*Id.* at 20]

Undaunted, Wells and Symonette continued to amend their complaint without first obtaining leave from the Court. After their third amended complaint failed to cure the deficiencies in their prior attempts, and noting that Wells and Symonette had attempted to join a new plaintiff for unknown reasons, Judge Martinez dismissed the case with prejudice for failure to comply with court orders and repeated failure to cure pleading deficiencies and Wells and Symonette were "restricted from filing anything further on the docket in [the] case without first obtaining leave of Court." *Wells et al. v. US Bank, National Association, et al.*, Case No. 23-cv-22640-JEM (S.D. Fla. May 19, 2026), ECF No. 93 at 2.

In the present case, on May 21, 2026, Plaintiffs James Buckman, Curtis McNeal, and Micahiel Nichloson filed a Notice of Removal seeking a stay in eviction proceedings and a temporary restraining order for the *very* same property. *See* [ECF No. 1] (emphasis added). In their Notice of Removal, Plaintiffs take issue with an order signed by Miami-Dade County Circuit Judge Spencer Eig directing that the occupants of the property located at 15020 South River Drive, Miami, Florida 33167 be evicted on May 18, 2026. *See* [*id.* at 2]. They contend that the eviction violates an automatic bankruptcy stay and is inconsistent with the Supremacy Clause Article VI Clause 2 of the United States Constitution. *See* [*id.*].

On June 9, 2026, Plaintiffs filed a new Notice of Removal that was substantively the same as the previous one. *See* [ECF No. 12]. However, in this Notice, Mack Wells and Maurice Symonette were added as plaintiffs, and James Buckman and Micahiel Nicholson were removed. *See* [*id.* at 1]. In addition, just as they have in prior cases, Wells and Symonette make accusations concerning biases and conflicts of interest held by individuals involved in the state proceedings. *See* [*id.* at 3, 6–7, 8, 11–12].

After reviewing the Notice of Removal and related attachments, the undersigned ordered Plaintiffs to file a clear statement explaining this Court's basis for exercising subject matter jurisdiction over the claims asserted by the Notice of Removal. *See* [ECF No. 17]. On June 22, 2026, Mack Wells and Maurice Symonette filed a jurisdictional memorandum. *See* [ECF No. 22]. The following day, Plaintiffs filed an emergency motion to enforce a bankruptcy automatic stay and seeking a temporary restraining order preventing an eviction, along with several notices of filing exhibits. *See* [ECF Nos. 26, 27, 30, 31, 32].

## LEGAL STANDARD

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1995) (citations omitted). It is, in fact, the Court's responsibility to "zealously ensure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

"Because removal is only permissible when [the] plaintiff's claim could have been filed in federal court originally, we must look to [the] plaintiff's claim to determine whether removal was appropriate." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). To remove a case to federal court under federal question jurisdiction, the plaintiff's complaint must establish that the case arises under federal law. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004) (emphasis in original) (quoting *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983)). "[A] district court can remand a removed case back to state court only if it determines that it lacks subject matter jurisdiction, or if a party moves to remand the case because of a defect in the removal process." *Ficus Villas Condo Assoc., Inc. v. Hardford Steam Boiler Inspection and Ins. Co.*, 832 F. App'x 695, 695 (11th Cir. 2020).

Plaintiffs are proceeding *pro se*. A "*pro se* [filing], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007). Still, while we treat *pro se* litigants with some leniency, "this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *Schwarz v. Ga. Composite Med. Bd.*, 2021 WL 4519893, at *2 (11th Cir. 2021) (quoting *GJR Inv., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

**DISCUSSION**

Just as in Wells and Symonette's prior case before Judge Martinez, the Court lacks subject-matter jurisdiction to hear this case. "There are two bases of federal court subject matter jurisdiction[:] One, diversity jurisdiction," and "[t]he other, federal question jurisdiction[.]" *Blankenship v. Claus*, 149 F. App'x 897, 898 (11th Cir. 2005). Federal-question jurisdiction—as provided for in 28 U.S.C. § 1331—doesn't exist here because this is an eviction and foreclosure action governed by Florida—not federal—law. *See PMG-Greybrook Riverfront I, LLC v. D'Amato*, No. 23-CV-60866-RAR, 2023 WL 3369721, at *1 (S.D. Fla. May 10, 2023) ("Federal courts do not have subject matter jurisdiction over state eviction proceedings, so this case was improperly removed to this Court.") (collecting cases).

To support their assertion of federal question jurisdiction, Plaintiffs reference the United States Constitution, several federal statutes, bankruptcy authorities, and United States Supreme Court authorities. [ECF No. 12 at 3–4, 7, 8–10, 12]. However, mere labels or general assertions are insufficient to confer federal question jurisdiction. *See, e.g., Crooked Creek Props., Inc. v. Ensley*, 660 F. App'x 719, 720 (11th Cir. 2016) (noting that "an allegation that the district court had 'jurisdiction and broad powers to remedy violations of the federal Constitution' was insufficient to invoke federal-question jurisdiction because the Complaint did not plead 'a colorable claim "arising under" the Constitution or laws of the United States.'" (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006)); *Verardi v. Mercedes-Benz Fin. Servs. USA, LLC*, No. 24-CV-23391, 2024 WL 4554096, at *2 (S.D. Fla. Oct. 23, 2024) ("Though [the] [p]laintiff makes conclusory statements that this Court has jurisdiction based on 'equity principles', this is not sufficient to plead jurisdiction. Nor is it sufficient to simply state that [the] [d]efendant has violated a federal statute or the constitution."); *Brown v. Girgenti*, No. 24-CV-02061, 2024 WL 4520171,

at *2 (M.D. Fla. Sept. 18, 2024), *report and recommendation adopted*, 2024 WL 4517800 (M.D. Fla. Oct. 17, 2024) 2 ("Listing many statutes without explaining how they connect to [the plaintiff]'s claims is conclusory and insufficient to establish subject matter jurisdiction.").

Further, Plaintiffs' jurisdictional memorandum fails to explain why this Court has jurisdiction over the matter as it merely provides the Court with a summary of the foreclosure proceedings. [ECF No. 22]. Interestingly, the jurisdictional memorandum Plaintiffs filed appears to have come from another case. Plaintiffs Maurice Symonette and Mack Wells seem to be responding to a court order dated August 3, 2023—but the undersigned requested Plaintiffs file a jurisdictional memorandum on June 11, 2026. *See* [*id.*]. Similarly, the notices of exhibits attempting to establish subject matter jurisdiction fail to do so. *See* [ECF No. 27] (showing several court documents including recusal orders filed in other cases); *see* [ECF No. 30] (attaching several websites involving U.S. Bank); *see* [ECF No. 31] (attaching several court documents filed in other actions). From Plaintiffs own filings it appears that they are attempting to litigate other cases they brought in this Court by filing documents in *this action*. For example, Plaintiffs filed a motion for reconsideration, *see* [ECF No. 19], however they are asking the Court to reconsider a decision made in Case No. 26-cv-23512. [*Id.* at 2].

In addition, to the extent Plaintiffs seek enforcement of a bankruptcy court stay, Plaintiffs should seek such relief from the U.S. Bankruptcy Court for the Southern District of Florida. "While district courts have jurisdiction to adjudicate claims for violation of the automatic stay, such matters—like all proceedings arising under title 11—may be referred to the bankruptcy court for that district. . . . Indeed, such referrals appear to be preferred." *Thompson v. Citimortgage, Inc.*, No. 1:14-CV-02528-AT-AJB, 2015 WL 11578454, at *7 (N.D. Ga. Jan. 12, 2015), *report and recommendation adopted*, No. 1:14-CV-2528-AT, 2015 WL 11605498 (N.D. Ga. Feb. 10, 2015)

6

(internal citations omitted). Moreover, the Court notes that the notice of bankruptcy case filing is dated October 15, 2023. [ECF No. 31 at 4]. This is the same notice Plaintiffs used in their previous case in front of Judge Martinez. *See Wells et al. v. US Bank, National Association, et al.*, Case No. 23-cv-22640-JEM, ECF No. 90 at 3; ECF No. 92-1 at 33. This case appears to be a repeat of their prior attempt to interfere with the state's final judgement of foreclosure and circumvent Judge Martinez's final ruling dismissing Plaintiffs' case.

In sum, this is a straightforward state court action under Florida law relating to the foreclosure and eviction proceedings concerning the property located at 15020 South River Drive, Miami, Florida 33167. This Court lacks subject-matter jurisdiction over this action.

## CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Plaintiffs' Verified Notice of Removal, Emergency Notice of Federal Stay Under 28 U.S.C. 1446(d), Emergency Motion to Stay Eviction, Motion for Temporary Restraining Order, and Notice of Supremacy Clause Article VI Clause 2 of the Constitution Violations [ECF Nos. 1, 12] be **REMANDED** and all other motions **DENIED**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the assigned United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report, except on grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**SIGNED** this 29th day of June 2026.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: Plaintiffs, *pro se*.