UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-23301-ALTMAN/Reid

JAMES BUCKMAN, *et al.*,

    *Plaintiff,*

v.

U.S. BANK NATIONAL ASSOCIATION,

    *Defendant.*

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Three *pro se* state-court defendants sought to remove a Florida foreclosure action to federal court. A magistrate judge found that we lacked jurisdiction and suggested that we remand the case. After careful review, we **ADOPT** her report and recommendation.

### BACKGROUND

On May 21, 2026, our *pro se* state-court Defendants (the "Removing Parties") filed a Notice of Removal [ECF No. 1], seeking to remove a state-court foreclosure action brought by U.S. Bank National Association ("U.S. Bank") to federal court. *See* Notice of Removal at 2. The underlying complaint includes one count for Mortgage Foreclosure and one count for Mortgage Reformation. *See generally* State-court Complaint [ECF No. 1-2].

On May 22, 2026, Magistrate Judge Lisette Reid issued an order to show cause, highlighting the possibility that we might lack jurisdiction over this case:

> The Undersigned's review of the Notice of Removal, and the underlying state-court Complaint, indicates that this action arises from a foreclosure matter. Further, [the Removing Parties'] Notice of Removal seeks the stay of eviction proceedings. This Court, like all federal courts, is a court of limited jurisdiction and can only adjudicate those cases which the Constitution and Congress authorizes it to adjudicate. . . . In the civil cover sheet [the Removing Parties] selected federal question as the basis for jurisdiction. However, after reviewing the underlying state-court Complaint, it appears the Court may lack subject-matter jurisdiction over this lawsuit. So that I may understand whether [the Removing Parties'] suit is properly, and intentionally, brought

> in this Court, [the Removing Parties] are ORDERED to respond to this Order by filing a clear statement explaining this Court's basis for exercising subject matter jurisdiction over the claims asserted by the Notice of Removal.

First Order to Show Cause [ECF No. 7] at 1–2 (cleaned up). After the Removing Parties filed a non-consent to Magistrate Judge Reid's jurisdiction, *see* Notice of Non-Consent [ECF No. 10], this case was reassigned to us, *see* Order Reassigning Case to Judge Altman [ECF No. 11]. We then referred it back to Magistrate Judge Reid for a ruling on all non-dispositive matters and a report and recommendation "on all dispositive matters." Paperless Order Referring Case [ECF No. 14].

On June 11, 2026, Magistrate Judge Reid entered another show-cause order, again seeking an explanation of the basis for our jurisdiction. *See generally* Second Order to Show Cause [ECF No. 17]. Between June 15 and 24, 2026, the Removing Parties filed 14 notices and motions of varying degrees of coherence. *See* [ECF Nos. 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 29, 30, 31, and 32]. As Magistrate Judge Reid observed, many of these filings appear to have originated from different cases. *See, e.g.*, Motion for Reconsideration [ECF No. 19] (seeking reconsideration of an order from case number 26-cv-23512); Jurisdictional Memorandum [ECF No. 22] (responding to a court order dated "August 3, 2023"—nearly three years before this case was filed). Critically, none of these filings clearly explained why the underlying state-law dispute was subject to federal jurisdiction. At most, the Removing Parties obliquely referenced various federal statutes and constitutional provisions without tying them to a colorable federal claim. *See, e.g.*, Notice of Filing Page 6 of the Memorandum of Why This is Federal [ECF No. 32] at 2 ("Eig has commanded the Sheriffs to evict in violation of the supremacy clause."); *see ibid.* (alleging, *inter alia*, violations of the Foreign Agents Registration Act).

On June 29, 2026, Magistrate Judge Reid issued a Report and Recommendation (the "R&R") [ECF No. 33], suggesting that we remand this case to state court because we lack subject-matter jurisdiction. As she explained: "Federal-question jurisdiction—as provided for in 28 U.S.C. § 1331—doesn't exist here because this is an eviction and foreclosure action governed by Florida—not

2

federal—law." R&R at 5 (citation omitted). The Removing Parties timely filed their objections on July 13, 2026. *See* Objections to R&R (the "Objections") [ECF No. 36]. After careful review, we **ADOPT** the R&R.

## THE LAW

When a party properly objects to a magistrate judge's report and recommendation, the district judge must make a de novo determination "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "To receive de novo review, parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Sully v. Scottsdale Ins. Co.*, 2024 WL 1857456, at *3 (S.D. Fla. Apr. 29, 2024) (Altman, J.) (cleaned up). "And objections are 'improper' if they amount to 'nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge,' as the 'parties are not to be afforded a 'second bite at the apple' when they file objections to a report and recommendation." *Ibid.* (quoting *Melillo v. United States*, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018) (Bloom, J.)).

When no party has properly objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes. Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require de novo review only where objections have been properly filed—and not when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes

3

a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

**ANALYSIS**

The cornerstone of the R&R was Magistrate Judge Reid's finding that we lack jurisdiction over the Removing Parties' underlying state foreclosure and eviction action. *See* R&R at 5 ("Federal-question jurisdiction—as provided for in 28 U.S.C. § 1331—doesn't exist here because this is an eviction and foreclosure action governed by Florida—not federal—law." (citing *PMG-Greybrook Riverfront I, LLC v. D'Amato*, 2023 WL 3369721, at *1 (S.D. Fla. May 10, 2023) (Ruiz, J.)). In finding that the Removing Parties had failed to adequately identify a basis for federal jurisdiction, Magistrate Judge Reid wrote: "To support their assertion of federal question jurisdiction, [the Removing Parties] reference the United States Constitution, several federal statutes, bankruptcy authorities, and United States Supreme Court authorities. However, mere labels or general assertions are insufficient to confer federal question jurisdiction." *Ibid.* (cleaned up). We agree.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1477. "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," resolving "all doubts about jurisdiction . . . in favor of remand to state court." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Claims involving real property are generally relegated to the states." *Metro. Life Ins. Co. v. Postin*, 2024 WL 5264475, at *2 (S.D. Fla. June 20, 2024) (Cannon, J.); *see also Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 361–362 (5th Cir. 1977) ("[M]ortgage foreclosure has traditionally been a matter for state courts and state law.").

4

Here, a review of the State-court Complaint reveals no federal question. *See generally* State-court Complaint. U.S. Bank initiated a foreclosure and reformation action under Florida law. *See id.* at 3 (relying on Florida Statutes §§ 45.031 and 607.07). And, despite being provided ample opportunities to do so, the Removing Parties haven't clearly identified a basis for federal jurisdiction. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction.").

The Objections only briefly discuss federal jurisdiction, arguing that we have federal subject-matter jurisdiction "pursuant to Article 111, Section 2 of the United States Constitution and 28 U.S.C. §§ 1331, 1367, 1441, and 1446 because the controversy raises substantial questions of federal law." *Id.* at 5; *see also id.* at 5–6 ("The removing parties rely upon the following authorities as applicable to the issues presented: U.S. Constitution, Article VI, Clause 2 (Supremacy Clause)[;] U.S. Constitution, Fourth, Fifth, Seventh, and Fourteenth Amendments[;] 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, 1447, 1651, 2201, and 2202[;] 11 U.S.C. § 362, if a bankruptcy stay is applicable[; and] 28 U.S.C. §§ 144 and 455, if judicial disqualification issues are properly raised by motion.).[1] But, as Magistrate Judge Reid correctly observed, "mere labels or general assertions are insufficient to confer federal question jurisdiction." R&R at 5; *see also Crooked Creek Props., Inc. v. Ensley*, 660 F. App'x 719, 720 (11th Cir.

---

[1] The Objections primarily advance a disjointed stream of accusations of bias and corruption against Judge Reid and other individuals unrelated to this case. *See, e.g.*, Objections at 3 ("Maurice Symonette testified that U.S. Bank gives money to the Auditor Elaine Esco and she gives the Attorneys and Prosecutors who gives the money to the Judges and Magistrates who then writes it on her federal financial disclosure report and then Elaine Esco takes it back to the bank who writes it off in miscellaneous, thereby washing the money to the judge as a Bribe[.] And when AUSA Bailyn was asked by AUSA Katie Wilson 'Is that TRUE you work them' and he answered and said 'Yes it's true' and this is what the NY Times said that this is the Protocol for how Judges are bribed concerning the l3l judges were found guilty of taking Bribes, google this the: New York Times article so Magistrate Lisette Reid is disqualified and this judge asked us to prove our Removal Jurisdiction of which we did but she recommended her Disqualified illegal remand anyway without recommending punishments for Judge Spencer Eig for violating the Federal 1446(d) stay by foreclosing to the Eviction while the Stays were active but we blacks apparently don't have the same rights.").

2016) ("[A]n allegation that the district court had jurisdiction and broad powers to remedy violations of the federal Constitution was insufficient to invoke federal-question jurisdiction because the Complaint did not plead a colorable claim arising under the Constitution or laws of the United States." (cleaned up)). Put another way, the Removing Parties can't recite a series of constitutional provisions and federal statutes in the hope that *we* can find a connection between those authorities and their purported cause of action. *See Verardi v. Mercedes-Benz Fin. Servs. USA, LLC*, 2024 WL 4554096, at *2 (S.D. Fla. Oct. 23, 2024) (Gayles, J.). ("Though Plaintiff makes conclusory statements that this Court has jurisdiction based on 'equity principles', this is not sufficient to plead jurisdiction. Nor is it sufficient to simply state that Defendant has violated a federal statute or the constitution.").

\* \* \* \*

While *pro se* parties are entitled to a liberal interpretation of their pleadings, we can't rewrite their arguments or otherwise serve as de facto counsel on their behalf. *See GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (cleaned up)). At every step of these proceedings, the Removing Parties have failed to identify a colorable basis for federal jurisdiction, instead choosing to flood our docket with rambling notices, unfounded motions to disqualify Magistrate Judge Reid, and filings apparently intended for other cases. *See generally* Docket. Accordingly, we **ADOPT** the R&R and **REMAND** this action to state court.

## CONCLUSION

Having reviewed the R&R, the Objections, the record, and the applicable law, we hereby **ORDER and ADJUDGE** as follows:

1.     The Report and Recommendation [ECF No. 33] is **ACCEPTED and ADOPTED**.

2.      We **REMAND** this case to the Eleventh Judicial Circuit in and for Miami-Dade County.

3.      All pending deadlines are **TERMINATED** and all pending motions are **DENIED as moot**.

4.      The Clerk of the Court shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on July 15, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record
         James Buckman, *pro se*
         Curtis McNeal, *pro se*
         Micahiel Nichloson, *pro se*

7